IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 1 5 2012

WILLIAM R. GUTHRIE
Clerk, U.S. District Court
By _____
    Deputy Clerk

T.K. BENSON,                          )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )   Case No. CIV-10-108-RAW-SPS
                                      )
RON PARKER, et. al.,                  )
                                      )
                    Defendants.       )

## OPINION AND ORDER

This matter comes on for consideration of Defendant's Motion to Dismiss and/or

Motion for Summary Judgment (Dkt. # 17) filed on August 23, 2010.  The court has before

it for consideration plaintiff's complaint, the defendant's motion, a special report prepared

at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.

1978) and plaintiff's response to the motion.  For the reasons stated below, the Court finds

this action should be dismissed for failure to exhaust administrative remedies.

### Background

Plaintiff, an inmate in the Oklahoma Department of Corrections (hereinafter "DOC")

currently housed at the Davis Correctional Facility, in Holdenville, Oklahoma, brought this

action pursuant to 42 U.S.C. § 1983, seeking $175,000 for alleged constitutional deprivations

of his personal property and/or negligence in its handling during his transfer within the

DOC.[1]  Plaintiff alleges his civil rights were violated on June 30, 2008, when DOC staff went

---

[1] By Order filed on May 3, 2010, Plaintiff was granted leave to proceed *in forma pauperis*.

into his assigned cell and took his property. He was transferred to Davis Correctional Facility ("DCF") on September 8, 2008 and he asserts that he has never received all of the property which was taken from his cell. Plaintiff's Complaint names as Defendants, Ron Parker and the Department of Corrections. Summons were issued and served on Ron Parker and Department of Corrections - Justin Jones.

Prior to filing this lawsuit, Plaintiff filed a similar lawsuit in the Pittsburg County District Court, State of Oklahoma, Case No. CV-09-78, which was dismissed on October 6, 2009, for failure to exhaust administrative remedies. On February 10, 2011, in an unpublished opinion, the Oklahoma Court of Civil Appeals affirmed. Dkt. # 24-1. Thereafter, on March 24, 2011, the Oklahoma appellate court denied plaintiff's petition for rehearing. Dkt. # 24-2. Plaintiff took no subsequent appeals in the Oklahoma court system. Dkt. # 24.

The defendant requests this Court to dismiss this action for the following reasons: 1) failure to exhaust administrative remedies; 2) Eleventh Amendment immunity; 3) qualified immunity; 4) failure to allege personal participation of Defendant Jones; and 5) failure to state a claim upon which relief can be granted.

### *Undisputed Facts*[2]

On June 30, 2008, after an altercation with his cellmate, Plaintiff was moved to restricted housing. His personal property was inventoried and delivered to the facility

---

[2]The following facts are either undisputed–i.e., not specifically controverted by Benson in accordance with Local Civil Rule 56.1(c)–or are described in the light most favorable to Benson. Immaterial facts are omitted.

property office on July 7, 2008, for storage by Unit staff and consisted of two boxes which were inventoried upon delivery to the property office. Plaintiff signed off on the inventory on July 16, 2008, acknowledging that "this inventory includes all personal effects and property, including legal materials, and that he/she has not left any authorized personal property at (Facility) <u>OSP</u>, and that all personal effects and property are undamaged and electrical appliances are in working order." Dkt. # 18-3.

On or about July 16, 2008, Plaintiff filled out a "Property Request to Staff," which was responded to on July 23, 2008 by OSP Property Manager Ron Parker. Basically, Plaintiff asked when he would be receiving some of his property which he had left in his cell when he was transferred to restricted housing. No mention was made in this request of the "songs" which Plaintiff now claims were lost. Ron Parker responded to the request on July 23, 2008 and indicated that property had received his property and was storing it.

On September 2, 2008, Plaintiff was transferred to DCF and he signed a personal property receipt on that day certifying that the property listed on the receipt was correct. This receipt included "paperwork" as being among the personal property being returned.

On or about October 6, 2008, Plaintiff sent a letter to DOC Director Justin Jones in which he complained that he had not received all of his property from McAlester and asking for his assistance in the matter. On October 7, 2008, a letter was sent to Plaintiff advising him that his letter was being returned for failure to follow the proper inmate grievance process. Thereafter, on or about November 10, 2008, Plaintiff sent another letter to Scott D.

3

Crow again asking about property that he claims was left at OSP. On November 12, 2008, the grievance was returned to plaintiff for the following reason: "not an issue grievable to Oklahoma Department of Corrections (private prison property, misconduct (see OP-090124, Section II.B.I.) not within/under the authority/control of the Department of Corrections, no remedy allowed by the department, etc.)."[3]

Thereafter, on or about December 1, 2008, plaintiff completed another "Request to Staff" addressed to Bobby Boone, Deputy Director in which he indicated his grievance was denied because he did it wrong. On December 3, 2008, a copy of three forms[4] were returned to plaintiff with a letter indicating that "your correspondence is being returned unanswered for the following reason(s): Other: Review OP-090123T to ensure you understand how to properly submit your paperwork." Finally, on December 23, 2008, the warden at OSP responded to plaintiff's December 1st request advising him of what the prison records reflected upon his transfer from OSP to DCF on September 1, 2008 and advising plaintiff if he had any paperwork which showed his ownership of property not reflected in the letter, he should provide that to OSP. Plaintiff never responded to this letter.

The Oklahoma Department of Corrections Offender Property Policy OP-030120 provides, in pertinent part: "Any personal property that the Offender retains is brought into

---

[3]It appears from the response that the letter was interpreted as complaining about the Davis Correctional Facility.

[4]The three forms included a "Request to Staff" dated 9-10-08 and received stamped Dec 03, 2008 Administrative Review; an "Inmate/Offender Grievance Report Form" dated 11/12/8 (sic) with two receipt stamps, one received Nov 12, 2008 Oklahoma State Penitentiary Warden's Office and one received Dec 03, 2008 Administrative Review; and an "Inmate /Offender Grievance Report Form dated 10-29-08 with a received stamp of Dec 3, 2008 Administrative Review.

the facility at the Offenders own risk.  The department is not responsible for unsecured

personal property.  Reimbursement for lost or damaged secured property will only be made

in accordance with Oklahoma law (Title 51 O.S. Section 151 et. seq.)." *See*, Dkt. # 18-12,

at p. 8.  Additionally, the Oklahoma Department of Corrections has a written policy dealing

with inmate grievances, entitled "Inmate Grievance Process," OP-090124. *See*, Dkt. #18-13.

### *Legal Analysis*

Summary judgment is appropriate where there is no dispute of material facts and the

moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P.56.  When presented

with a summary judgment motion, this Court must determine whether there "are any genuine

factual issues that properly can be resolved only by the finder of fact because they may

reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).  When evaluating a motion for

summary judgment, this Court must examine the factual record and reasonable inferences

therefrom in the light most favorable to the party opposing summary judgment. *Gray v.*

*Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).   The party opposing summary

judgment, however, "may not rest upon mere allegations or denials of his pleading but . . .

must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477

U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*,

391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The Oklahoma Department of Corrections policy concerning inmate grievances requires an inmate to first try to resolve his complaint informally within three days of the incident. Dkt. # 18-13, DOC Policy OP-090124, ¶ IV(A). If not resolved, the inmate is required to submit within seven calendar days of the incident a "Request to Staff" which must "completely by briefly" state the problem. This policy requires the statement "be specific as to the complaint, dates, places, personnel involved and how the offender was affected." *Id.*, at ¶ IV(B)(1). If there is no response within 30 calendar days of the

6

submission of the request, the inmate can file a grievance, asserting lack of response to his request, to the reviewing authority with evidence that he submitted the "Request to Staff" to the proper staff member. *Id.*, at ¶ IV(B)(7).

If an inmate is unable to resolve his grievance informally, he may then complete an "Offender Grievance Report Form" and submit the grievance along with the "Request to Staff" form which he submitted during the informal process, along with the response from staff, to the reviewing authority. *Id.*, at ¶ V(A). The offender grievance must be submitted within 15 calendar days of the incident or the date of the response to the "Request to Staff" form, which ever is later. *Id.*, at ¶ V(A)(1). As a general rule, a grievance will not be accepted if submitted more than 60 days after the incident or date of response to the "Request to Staff." *Id.*, at ¶ V(3). If the offender does not follow these instructions, the grievance can be returned for proper completion and where allowed, the inmate has ten calendar days of receipt to properly resubmit the grievance. *Id.*, at ¶ V(7).

Based upon the undisputed factual background, it is clear that plaintiff did not properly exhaust his administrative remedies. While plaintiff did ask about his property on or about July 16, 2008, the same day that he acknowledged he had not left any property at the transferring facility, on a "Request to Staff" form, the response dated July 23, 2008, indicated the property was being stored. No further action was taken on this particular informal grievance until approximately October 6, 2008, and, at that time, the matter was returned to plaintiff for failure to follow the proper inmate grievance procedure. It was not until

approximately two months later before plaintiff completed another "Request to Staff" form complaining about his grievance being denied because he had done it wrong.  When the warden at OSP responded to this request, he indicated plaintiff could submit any paperwork establishing ownership of property which was not reflected in the warden's letter.  Plaintiff never responded to the warden's letter.  Since plaintiff has failed to establish that he completed the inmate grievance process as delineated in the Oklahoma Department of Corrections Offender Grievance Policy, OP-090124, this Court finds plaintiff is barred from pursuing his § 1983 claim under the PLRA for failure to exhaust his administrative remedies.  Accordingly, for the reasons stated herein, this Court hereby grants the defendant's motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 17) is **granted** and Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

2.      A separate judgment shall be entered in favor of the defendants and against plaintiff.

3.      Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

ORDERED ON THIS *15th* DAY OF MARCH, 2012.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE